# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 13-1066** (Webster County 11-F-2)

**Christopher Keffer,**
**Defendant Below, Petitioner**

**FILED**

November 25, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Christopher Keffer's appeal, by counsel Daniel R. Grindo, arises from the Circuit Court of Webster County's September 3, 2013, order, which sentenced petitioner to five years in prison after revoking his parole. The State, by counsel Derek A. Knopp, filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred in finding that the police executed valid search warrants and, consequently, erred in admitting the seized evidence. Petitioner also argues that the circuit court erred in allowing the State to reopen its case-in-chief after arguments were made by both parties.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2012, the circuit court granted petitioner parole after he was convicted of the manufacture and delivery of a controlled substance. In April of 2013, police officers applied for three separate and successive search warrants after discovering a comment posted on a local internet forum, Topix.com, which stated, "Like to see all cops die and judges get capped[.]" Each of the search warrants alleged that the post was made by an individual who unlawfully used an electronic device to deliver harassing or abusive communications with the intent to threaten or commit a crime against a person or property, in violation of West Virginia Code § 61-3C-14a. The forum had asked participants to respond to the question, "What local issues do you have issues with and what would you do to try and change them [?]" The first search warrant directed Topix to provide the IP address of the computer that posted the comment at issue. After receiving this information, the second search warrant directed Frontier Communications to provide the physical address and account information for the computer from which the comment was posted. The results of the first two search warrants established that petitioner posted the subject comment on Topix. Subsequently, the last search warrant sought to search the "residence, outbuildings, and curtilage of the Keffer residence" for any "computer, hard drives, smart phones, or other devices that could be used to access the internet . . . or to make posts on social media websites[.]"

1

When the police went to petitioner's home, petitioner admitted to posting the subject comment on Topix. Upon searching the home, the police also found marijuana seeds, five marijuana plants, and eighteen grams of marijuana. Petitioner admitted to the police officers that all of these items belonged to him. Following this search, the State filed a motion to revoke petitioner's parole. At the hearing on the State's motion, the police officers testified about petitioner's admissions to them and the items they found at his home. The State did not introduce the warrants in its case-in-chief. After both parties rested, the State moved to reopen the case to admit the search warrants into evidence, to which petitioner objected. The circuit court granted the State's motion and held another hearing on this matter.

At the second hearing, the State presented the same testimony as the initial hearing and moved for the admission of the search warrants. Petitioner argued that the search warrants were inadmissible as no probable cause existed for their execution. The circuit court disagreed and ultimately revoked petitioner's parole, after finding that petitioner made general threats against law enforcement and judges, tested positive for THC and opiates following the search of his home, possessed controlled substances in the home, and manufactured marijuana in the home. The circuit court re-sentenced petitioner to serve five years in prison, with credit for time served. Petitioner now brings this appeal.

"This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 4, *Burgess v. Porterfield,* 196 W.Va. 178, 469 S.E.2d 114 (1996). "[A]ppellant[s] must carry the burden of showing error in the judgment of which [t]he[y] complain[]. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment." Syl. Pt. 4, *State v. Farley*, 230 W.Va. 193, 737 S.E.2d 90 (2012) (internal citations omitted).

Upon our review, we find no error in the circuit court's ruling that the search warrants at issue were valid. "[T]he validity of an affidavit for a search warrant is to be judged by the totality of the information contained in it." Syl. Pt. 4, in part, *State v. Adkins*, 176 W.Va. 613, 346 S.E.2d 762 (1986). "Reviewing courts should grant magistrates deference when reviewing warrants for probable cause. Such warrants should be judged by a 'totality-of-the-circumstances' test." Syl. Pt. 5, *State v. Thomas*, 187 W.Va. 686, 421 S.E.2d 227 (1992). As previously discussed, West Virginia Code § 61-3C-14a directs, in part, that it is unlawful for any person to use a computer or other electronic communication device to anonymously contact another with the intent to harass or abuse or to threaten to commit a crime against any person or property. The record establishes that the State had sufficient information upon which the magistrate found probable cause to execute each of the search warrants concerning the subject post on Topix and, accordingly, the circuit court did not err in finding the search warrants were valid and in admitting the evidence seized during the execution of these warrants.

We also find no error in the circuit court allowing the State to reopen its case after the first hearing. "[W]hether or not a case shall be reopened for the introduction of evidence after both parties have rested, or after the close of the evidence, is within the discretion of the trial

court." *State v. Daggett*, 167 W.Va. 411, 423, 280 S.E.2d 545, 553 (1981). We have further held as follows:

> It is within the sound discretion of the court in the furtherance of the interests of justice to permit either party, after it has rested, to reopen the case for the purpose of offering further evidence and unless that discretion is abused the action of the court will not be disturbed.

Syl. Pt. 4, *State v. Fischer*, 158 W.Va. 72, 211 S.E.2d 666 (1974). The record shows that at the second hearing on this matter, both parties were given equal opportunities to examine the witnesses and present arguments. In its order revoking petitioner's parole and sentencing him to five years in prison, the circuit court found that the evidence, including petitioner making no objection to the police officers searching his home and his admission that the found marijuana belonged to him, supported the State's motion to revoke petitioner's parole.

For the foregoing reasons, we affirm the circuit court's September 3, 2013, order revoking petitioner's parole and sentencing him to five years in prison with credit for time served.

Affirmed.

**ISSUED:** November 25, 2014

**CONCURRED IN BY:**

Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Robin Jean Davis